# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2025 CA 0527

# ROBERT YOUNG

# VERSUS

# OFFICER JOHN DOE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, SID J. GAUTREAUX, III, IN HIS CAPACITY AS THE SHERIFF OF EAST BATON ROUGE, EAST BATON ROUGE SHERIFF'S OFFICE, BXS INSURANCE, INC., ONEBEACON INSURANCE COMPANY AND BEDIVERE INSURANCE COMPANY

Judgment Rendered: __NOV 2 1 2025__

\* \* \* \* \*

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. C698037

The Honorable Kelly E. Balfour, Judge Presiding

\* \* \* \* \*

Monique H. Fields
Baker, Louisiana

Attorney for Plaintiff/Appellant,
Robert Young

Mary G. Erlingson
Judson G. Banks
Andrew E. Blackwood
Baton Rouge, Louisiana

Attorneys for Defendant/Appellee,
Sid J. Gautreaux, III, in his
Official Capacity as the Sheriff of
East Baton Rouge Parish

\* \* \* \* \*

BEFORE: MILLER, EDWARDS, AND FIELDS, JJ.

**MILLER, J.**

Plaintiff/Appellant, Robert Young ("Young"), appeals a summary judgment dismissing his claims against Defendant/Appellee, Sid J. Gautreaux, III, in his official capacity as Sheriff of East Baton Rouge Parish ("Sheriff"), with prejudice. For the following reasons, we reverse.

## FACTS AND PROCEDURAL HISTORY

On July 19, 2019, Young was traveling northbound in the inside lane of Highway 19. At the same time, Kevin Miller, a deputy with the East Baton Rouge Parish Sheriff's Office ("Sheriff's Office"), was either parked or traveling northbound on Highway 19, with the emergency lights activated on his vehicle.[1] Suddenly, Deputy Miller attempted to make a U-turn into the southbound lane of traffic, in pursuit of a criminal suspect. When Deputy Miller was executing the U-turn, his vehicle and Young's vehicle collided.

Young filed a petition for damages and an amended petition for damages against "Officer John Doe" (Deputy Miller); the Sheriff; the Sheriff's Office; BXS Insurance, Inc. (as a liability insurer of the Sheriff's Office);[2] Onebeacon Insurance Company (as a liability insurer of the Sheriff's Office); and Bedivere Insurance Company (as a liability insurer of the Sheriff's Office).[3] Young claimed that, as a result of the accident, he sustained mental injuries and physical injuries, which

---

[1] Whether Deputy Miller was parked on the shoulder of Highway 19 or traveling in the northbound lane is in dispute.

[2] On May 15, 2023, Young filed a "Motion for Voluntary Judgment of Dismissal Without Prejudice[,]" moving for the trial court to sign a judgment of dismissal in favor of BXS Insurance, Inc. because it did not provide insurance coverage for the Sheriff at the time of the accident. The trial court signed a judgment dismissing Young's claims against BXS Insurance, Inc., without prejudice, on May 18, 2023.

[3] The "Petition for Damages" was filed on July 20, 2020, and the petition was amended with court approval on March 10, 2021. Afterward, Young filed a "Motion to Amend and Supplement Petition for Damages[,]" seeking to add Deputy Miller, Sergeant Steven Williams, Atlantic Specialty Insurance Company (as a liability insurer of the Sheriff's Office); and Intact Insurance (as a liability insurer of the Sheriff's Office) as defendants. The trial court set the motion for a contradictory hearing to be heard on August 19, 2024. However, the matter was passed without date due to counsel for the mover not being present. Therefore, these defendants were never added.

2

included shoulder and neck injuries and a rotator cuff tear. Additionally, Young alleged that he had to undergo surgery as a result of the injuries he sustained in the accident. The Sheriff filed an answer on September 14, 2020, denying liability for the accident and asserting affirmative defenses under La. R.S. 13:5101, *et seq.*, La. R.S. 9:2798.1, and La. R.S. 32:24.[4]

On September 6, 2024, the Sheriff filed a motion for summary judgment. The motion relied on the affirmative defense of immunity from liability afforded to emergency vehicles by La. R.S. 32:24, and the Sheriff argued that there was no genuine issue as to any material fact and that he was entitled to judgment as a matter of law. He further argued that Young could not prove that Deputy Miller acted with reckless disregard and/or gross negligence, which is required to overcome the immunity granted under La. R.S. 32:42. In support of his motion, the Sheriff attached Young's petition for damages; excerpts of Deputy Miller's deposition transcript; and Young's deposition transcript.

On October 31, 2024, Young filed a memorandum in opposition to the Sheriff's motion for summary judgment. In support of his opposition, Young attached his affidavit; excerpts of Deputy Miller's deposition testimony; answers to Young's first set of interrogatories; and responses to Young's first set of requests for production of documents.[5] Subsequently, the Sheriff filed a reply memorandum in support of his motion on November 12, 2024.

---

[4] Louisiana Revised Statutes 13:5101, *et seq.*, is the Louisiana Governmental Claims Act, which establishes procedural rules that apply to any suit against the state, a state agency, or political subdivision; La. R.S. 9:2798.1 provides immunity to public entities or their officers or employees when the suit is based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties; and La. R.S. 32:24 gives special permissions to drivers of emergency vehicles.

[5] On November 6, 2024, Young filed an "Addendum to Memorandum in Opposition to Defendant's Motion for Summary Judgment" and attached the crash report. Generally, any opposition to the motion for summary judgment and all documents in support of the opposition shall be filed and served not less than fifteen days prior to the hearing on the motion. See La. C.C.P. art. 966(B)(2). The hearing on the Sheriff's motion for summary judgment was held on November 18, 2024. Therefore, Young's addendum does not comply with summary judgment law and will not be considered. However, we note that the crash report attached here is similar to the crash report attached to Young's deposition that was submitted by the Sheriff. The crash report

The hearing on the Sheriff's motion was held on November 18, 2024, and at its conclusion, the trial court granted summary judgment. The trial court signed a judgment on December 12, 2024, finding that La. R.S. 32:24 was applicable; that there was no genuine issue of material fact as to the liability of Deputy Miller; that Deputy Miller's actions did not rise to the level of reckless disregard or gross negligence; and that the Sheriff was entitled to judgment as a matter of law. Accordingly, the trial court dismissed Young's claims against the Sheriff with prejudice. Young appealed, contending that the trial court erred in granting the Sheriff's motion for summary judgment for various reasons.[6]

## DISCUSSION

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Grady v. Ahles, 2024-0244 (La. App. 1st Cir. 12/20/24), 404 So. 3d 886, 890. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). Appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary

---

submitted by Young has "RELEASED BY RECORD ROOM" stamped at the top, and the crash report submitted by the Sheriff as an attachment to Young's deposition transcript has "Unauthorized Copy" at the top.

[6] In his appellate brief with this court, Young identified thirteen assignments of error. However, some of his allegations repeat and overlap. Therefore, we have consolidated his arguments. Young contends that the trial court erred in finding that Deputy Miller's actions did not rise to the level of reckless disregard for the safety of Young; in finding that Deputy Miller's actions did not rise to the level of gross negligence; in finding that "willful and intentional" is the correct standard; in determining whether Deputy Miller's actions constituted ordinary or gross negligence through summary judgment; in its failure to consider the crash report; in finding that there are no genuine issues of material fact; and in not allowing Young's counsel to complete her argument. Initially, we note that after thorough review of the transcript from the hearing on November 18, 2024, we find no evidence that the trial court did not allow Young's counsel to complete her argument.

judgment is appropriate. <u>Leet v. Hospital Service District No. 1 of East Baton Rouge Parish</u>, 2018-1148 (La. App. 1st Cir. 2/28/19), 274 So. 3d 583, 587.

The burden of proof on a motion for summary judgment rests with the mover. La. C.C.P. art. 966(D)(1). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(D)(1). Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. <u>Sylvest v. Rolling</u>, 2024-0408 (La. App. 1st Cir. 11/13/24), 405 So. 3d 988, 991. If the adverse party fails to meet this burden, the mover is entitled to judgment as a matter of law. <u>See</u> La. C.C.P. art. 966(D)(1).

In ruling on a motion for summary judgment, the trial court's role is not to evaluate the weight of the evidence or to make a credibility determination, but instead to determine whether there is a genuine issue of material fact. <u>Harris v. Tractor Supply Company</u>, 2023-0337 (La. App. 1st Cir. 10/30/23), 377 So. 3d 726, 732, <u>writ denied</u>, 2023-01489 (La. 1/17/24), 377 So. 3d 245. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, summary judgment is appropriate. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. <u>Harris</u>, 377 So. 3d at 732-733.

In his motion for summary judgment, the Sheriff asserted that he is entitled to the immunity afforded to emergency vehicles by La. R.S. 32:24 and that recovery is precluded because Young cannot prove that Deputy Miller's conduct constituted gross negligence or a reckless disregard for the safety of others.

Tort immunity is an affirmative defense that must be proven by the party asserting it. Nuccio v. City of Slidell, 2022-0944 (La. App. 1st Cir. 4/14/23), 366 So. 3d 564, 568, writ denied, 2023-00664 (La. 9/19/23), 370 So. 3d 465. Therefore, the Sheriff carries the initial burden of proof and must establish if there are any genuine issues of material fact as to whether Deputy Miller's actions are permitted under La. R.S. 32:24 and whether he is afforded immunity under La. R.S. 32:24. If the Sheriff establishes entitlement to immunity pursuant to La. R.S. 32:24, then Young has the burden to show Deputy Miller's actions rise to the level of the reckless disregard standard in order to overcome summary judgment. See Dixon v. Louisiana State Police, 2022-0013 (La. App. 4th Cir. 3/2/22), 336 So. 3d 631, 638.

Louisiana Revised Statutes 32:24 provides:

A. The driver . . . of an authorized emergency vehicle, when responding to an emergency call, or when in the pursuit of an actual or suspected violator of the law, . . . may exercise the privileges set forth in this Section, but subject to the conditions herein stated.

B. The driver . . . of an authorized emergency vehicle may do any of the following:

(1) Park or stand, irrespective of the provisions of this Chapter.

(2) Proceed past a red or stop signal or stop sign, but only after slowing down or stopping as may be necessary for safe operation.

(3) Exceed the maximum speed limits so long as he does not endanger life or property.

(4) Disregard regulations governing the direction of movement or turning in specified directions.

C. The exceptions herein granted to an authorized emergency vehicle shall apply only when such vehicle . . . is making use of audible or visual signals . . . sufficient to warn motorists of their approach, except that a police vehicle need not be equipped with or display a red light visible from in front of the vehicle.

D. The foregoing provisions shall not relieve the driver . . . of an authorized vehicle from the duty to drive . . . with due regard for the safety of all persons, nor shall such provisions protect the driver . . . from the consequences of his reckless disregard for the safety of others.

If the driver of an emergency vehicle operates the vehicle as otherwise permitted by La. R.S. 32:24(A), (B), and (C), then the driver can be held liable only if his actions rise to the level of "reckless disregard" for the safety of others, i.e., gross negligence. Nuccio, 366 So. 3d at 569. Thus, La. R.S. 32:24 does not immunize a driver of an emergency vehicle from liability if gross negligence is alleged and proven.

The difference between ordinary negligence and gross negligence is the level or degree of care shown by the offending party. To constitute gross negligence, the conduct of the offender must not only show a lack of care, but it also must show an utter, complete, or extreme lack of care. Nuccio, 366 So. 3d at 569 (citing Binkley v. Landry, 2000-1710 (La. App. 1st Cir. 9/28/01), 811 So. 2d 18, 25, writ denied, 2001-2934 (La. 3/8/02), 811 So. 2d 887). Gross negligence is the want of that diligence that even careless persons are accustomed to exercise, amounting to a complete neglect of the rights of others. See Thigpen v. Lacombe, 2016-1612, 2016-1611 (La. App. 1st Cir. 8/29/17), 226 So. 3d 1138, 1148.

In support of his motion, the Sheriff attached Young's petition for damages; excerpts of Deputy Miller's deposition transcript; and Young's deposition transcript. Young's petition states that Deputy Miller was driving a Chevrolet Tahoe, which was a Sheriff's Office marked patrol car, and that Deputy Miller abruptly made a U-turn while in "hot pursuit."

In the excerpts of Deputy Miller's deposition testimony, he stated that, at the time of the accident, he was working as a patrol deputy and driving a vehicle that was issued by the Sheriff's Office. Deputy Miller stated that while he was driving, he was notified via radio that another deputy was chasing a suspect and needed assistance, so he responded to the call. He testified that there was a trainee who had one suspect at gunpoint in a gas station parking lot and there was another officer who had the second suspect at gunpoint. He testified that the lights on his vehicle

7

were activated at the time of the accident and that the sirens were on when he began to respond, but he had turned the sirens off by the time the accident happened. He further testified about the positioning of his vehicle and how the accident occurred. He stated that he saw the vehicles traveling southbound come to a stop, he began to make a U-turn, he saw headlights, and then the collision happened.

In his deposition, Young testified that there were two lanes going north, two lanes going south, and a center lane at the location of Highway 19 where the collision happened. He stated that at the time of the accident, he was driving a Chevrolet Tahoe. He further stated that he was driving northbound on Highway 19 in the inside lane when he saw a police unit parked on the shoulder and a police chase happening.[7] He testified that the police unit had its lights on and it appeared to be parked. Young testified that he saw a police officer shining a light out of his vehicle into the ditch where a suspect was running. He additionally stated that when he was right next to Deputy Miller's unit, Deputy Miller made a U-turn in front of Young's vehicle, and that the impact occurred in the lane Young was traveling in, which was next to the center lane.

The crash report was attached to Young's deposition as "Exhibit B."[8] It states that Deputy Miller was informed that the male suspect was running southbound on Highway 19, so he proceeded northbound on Highway 19 towards the suspect, with his lights and sirens activated. Deputy Miller slowed down when the suspect was near him and then attempted to make a U-turn when the suspect passed him. When he began to turn, he saw headlights and felt the crash. Additionally, according to the report, Young stated that he was driving northbound on Highway 19, he saw two vehicles stopped in the right lane, and he saw Deputy Miller parked on the shoulder.

_____

[7] To be clear, both Deputy Miller and Young were facing and/or traveling northbound on Highway 19 when the collision occurred.

[8] We note that Young did not object to this crash report.

Young stated that Deputy Miller suddenly pulled out into the highway to make a U-turn, which resulted in Young and Deputy Miller's vehicles colliding.

In support of his opposition, Young attached his affidavit; excerpts of Deputy Miller's deposition testimony; answers to Young's first set of interrogatories; and responses to Young's first set of requests for production of documents. In his affidavit, Young stated that on July 19, 2019, he was slowly driving northbound in the inside lane of Highway 19. He further stated that Deputy Miler was parked on the shoulder of Highway 19 facing north and abruptly began to make a U-turn "without warning." Young testified that he attempted to avoid the collision by veering left and his vehicle was pushed into the southbound lane.

In the excerpts of Deputy Miller's deposition testimony, he testified that another deputy called for assistance because a suspect was fleeing, so he traveled northbound on Highway 19 to help. Deputy Miller testified that he was driving in the middle of the northbound lanes to stop traffic. He further stated that he attempted to make the U-turn after the other deputy told him that the suspect ran past his vehicle. Further, in response to the interrogatories propounded on the Sheriff, the Sheriff stated that Deputy Miller was the driver of the vehicle owned by the Sheriff's Office at the time of the accident. The Sheriff additionally stated that the Sheriff's Office was not issued any citations as a result of this accident and that Deputy Miller has not been involved in any other accidents while working for the Sheriff's Office.

After thorough review, we are unable to determine whether the Sheriff is entitled to the immunity afforded to emergency vehicles under La. R.S. 32:24 due to genuine issues of material fact. As established by the testimony of Deputy Miller and Young, it is disputed whether Deputy Miller was traveling down the center of the northbound lanes of Highway 19 or whether he was parked on the shoulder immediately before the accident occurred, which is a distinction that makes a significant analytical difference. It is also disputed whether Deputy Miller made use

9

of visual signals sufficient to warn motorists of his approach, i.e., how did he signal before making the U-turn. Further, Deputy Miller's description of the scene and what was occurring with the suspects and officers does not fully align with Young's description. Because there are genuine issues of material fact, we are unable to apply the established facts to the statute.

Immunity statutes must be strictly construed against the party claiming immunity, and factual inferences must be construed in favor of the party opposing the motion. Nuccio, 366 So. 3d at 572. Furthermore, summary judgment is rarely appropriate for the disposition of issues requiring a determination of the reasonableness of acts and conduct of parties under all of the circumstances of a particular case. Jones v. Louisiana Medical Center and Heart Hospital, LLC, 2020-0551 (La. App. 1st Cir. 12/30/20), 2020 WL 7770927, *3 (unpublished). This is particularly so here, as the resolution of this case will require the weighing of evidence and evaluation of the credibility of witnesses, which are not appropriate for summary judgment. See Harris, 377 So. 3d at 732. Considering the foregoing, we find that the Sheriff failed to prove his entitlement to summary judgment.

## CONCLUSION

For the above and foregoing reasons, the December 12, 2024 judgment of the trial court granting Sid J. Gautreaux, III, in his official capacity as Sheriff of East Baton Rouge Parish's motion for summary judgment and dismissing Robert Young's claims against Sid J. Gautreaux, III, in his official capacity as Sheriff of East Baton Rouge Parish is reversed. All costs of this appeal in the amount of $2,075.00 are assessed against Sid J. Gautreaux, III, in his official capacity as Sheriff of East Baton Rouge Parish.

**REVERSED.**